UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BEATRICE NWOAHA )<br>)<br>      Plaintiff, )<br>)<br>   vs. )<br>)<br>LASERIAN ARIRELE ONYEOZIRI )<br>)<br>      Defendant ) | Case No.: No. 04(CV)-1799 (GK)<br>Next Hearing: Pretrial |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION**

   I.   <u>Defendant's Untimely Filing of A Dispositive Motion Without Leave Of Court At This Time Is A Flagrant Violation of the Court's Scheduling Order And Should Be Stricken.</u>

   1. In the Court's Scheduling Order filed on August 26, 2005, the Court set the Deadline for Filing Dispositive Motions at February 1, 2006. On March 21, 2006, Defendant filed his Motion as captioned above, almost two months after the deadline (seven weeks, to be precise). Further, he failed to seek leave of Court to file this pleading out of time.

   2. Although the pleading is blithely framed as the raising of the catch-all defense of failure to state a claim or cause of action on which relief can be granted, it is, in point of fact and law, a "***dispositive motion,***" which, if granted would effectively dispose of all issues pleaded by the plaintiff. The motion contains six (6) separate averments, and states, at the outset, that "Defendant is entitled to judgment as to all counts." In addition, the Memorandum of Points and Authorities

sets forth a standard of review for applicability of the 'defense,' under which Defendant is claiming entitlement to relief[1].

Additionally, although the motion is couched in the guise of raising a defense, it is, in reality, a motion for Partial or Full Summary Judgment, which seeks to dispose of all issues in the case raised by Plaintiff.  As such, there can be no dispute that it is a "dispositive motion" that falls squarely within the purview of the deadline set out in the Court's Scheduling Order.

The filing of this motion at this time is but another flagrant disregard of the Court's Scheduling Order, and is another illustration among the many examples of conduct by which the defense seeks to flaunt the established procedures of the Court, and the Federal Rules of Civil Procedure, particularly with regard to the discovery process.

3. Authority for the Court's Scheduling Order is found in paragraph 16 of the same in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.,</u> 101 F.3d 145, 149-153 (D.C. Circuit 1996)(upholding the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance because of failures to comply with Local Rule 7.1(h)).

**II.     Defendant's Motion To Dismiss Fails to Rise To The Threshold Level of A Colorable Legal Defense.**

Nowhere within the four corners of the Complaint can there be found any express or implied language which states that it is a cause of action for Breach of Promise of Marriage, or a prayer for damages for that tort.  Rather, the instant action is one sounding in Equity, not in Tort, and seeks equitable

---

[1] Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

restoration of monies obtained through misrepresentation, deceit, fraud, and other false devices.  Nowhere in the prayer for relief can be found a claim for "damages" per se. The relief requested by Plaintiff is a "make whole" remedy sounding in Equity, one which the Federal Courts often consider fashioning in actions brought under Federal statutes, for example, discrimination in employment, where the aggrieved party seeks to be restored to the status he would have been, had the discrimination complained of not occurred.

The mention of the word "marriage" or the term "promise of marriage" is a factual averment that suggests a predicate for the method or ruse which the Defendant employed to deprive Plaintiff of her money, thereby lending credibility to matters alleged by Plaintiff.  Thus, the use of the terms referred to furnishes the "raison d'etre" or *modus operandi* of the Defendant as a premise, though a false one, for extracting the funds from the Plaintiff. The complaint recites in detail the web of expectations, which the Defendant weaved to relieve Plaintiff of her cash, *viz,* to build a house in Nigeria in which they would live, and to purchase a vehicle for shipment to Nigeria for their use when they go there on vacation.

Defendant however, nonetheless does concede, in the "Background Facts" of his motion that the parties "were involved in a romantic relationship until the parties separated."

Absent the Defendant's continuous wooing of Plaintiff with its attendant prospect of marriage, there could be no other plausible explanation for Defendant being able to successfully raid the financial coffers of the otherwise trusting Plaintiff without recrimination, for as long, and as

completely, and as continuously, and as consistently, and as thoroughly, and with complete impunity, as he is alleged to have done.

Defendant cannot simply focus on a word or term, taken out of context, and use it as the basis to attempt to reform the character of the pleading by arguing that the Complaint states something that it does not.  This specious argument amounts to a "shibboleth," a specter of something that is not there. Yet Defendant would have us believe that it is.  As such, there is no legal merit to the point that he seeks to make, that the action is one for a "heartbalm" suit, or breach of promise action, which it clearly is not.

The complaint has been carefully drafted to negate any such inference, since the language therein is devoid of any suggestion that a future marriage take place between the parties.  The cause of action is not even that of a "woman scorned" but merely states, matter-of-factly that after making such representations to Plaintiff, that Defendant did, in 2002, return to Nigeria and marry someone else,[2] a fact that proves Plaintiff's allegation that his promises were false. The defendant maliciously made this false representation knowing that the Plaintiff will rely on it and the Plaintiff did rely on it to her detriment.

III. **DEFENDANT'S MOTION IS CLEARLY FRIVOLOUS, UTTERLY LACKING IN LEGAL MERIT, AND TOTALLY DEVOID OF ANY RATIONAL BASIS, RAISED FOR THE SOLE PURPOSE OF NEEDLESSLY PROLONGING THE LITIGATION AND INCREASING THE COST THEREOF AND AS SUCH IS SUBJECT TO SANCTION UNDER F.R.C.P. RULE 11.**

Under the "FACTS" paragraph of his motion, Defendant concedes

---

[2] Which the Defendant concedes in his Motion at page 12, lines 11-12.

that "For the limited purpose of this motion to dismiss, the Defendant assumes as true all the allegations in Plaintiff's complaint."

Even assuming, *arguendo,* that the allegations averred in the complaint are true, Defendant cannot enjoy the luxury of arguing that the complaint is technically and fatally deficient, without running the risk implicit in a "so what?" position, as belied by the damaging and binding admission that he, the Defendant, did all the things the Plaintiff said he did, but he, nonetheless, claims he is entitled to walk away with all her money without any accountability.[3]

Defendant's representations fly in the face of his "ARGUMENT" that "plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Similarly, the cases he cites in support of his position actually work to his detriment.  If the court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," [citation omitted], Defendant's argument is lost.

Similarly, if, as he quotes, "the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff," [citation omitted] likewise, Defendant has conceded that his motion is baseless and devoid of merit.

---

[3] Defendant baldly states, in Section E of his Memorandum, that: "the transfer of funds or property to Defendant were voluntary without any intention of having them repaid or refunded;" and "the alleged personal property given to Defendant was voluntary and in the normal course of their relationship;" and that when Plaintiff "became aware of the alleged conversion [of monies in her bank account by Defendant, that she] condoned it."

5

And finally, as Defendant recites, "Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven" [4]

Quite to the contrary, if the plaintiff proved all her allegations in the complaint, they would, at a bare minimum, give rise to the existence of a *prima facie* case, with all the presumptions and inferences running against the Defendant, with particular focus on his categorical denial of each and every material allegation in the complaint.  [SEE, Defendant's *draft* Pretrial Statement [prematurely filed]

The meritless arguments raised in Defendant's motion clearly illustrate its utter frivolity, and lend credence to the unmistakable conclusion that it was filed only for the purpose of delay, increasing the cost of litigation, and for no other legally defensible basis.[5]

IV. **THE UNDERLYING LEGAL BASES FOR THE RELIEF REQUESTED ARE ACTIONABLE BOTH AS STATUTORY AND COMMON LAW REMEDIES RECOGNIZED IN THE STATE OF THE LOCUS PENITENTIAE AND THE FORUM STATE AS WELL.**

The complaint recites the following torts underlying the complaint as actionable bases for recovery: Unjust Enrichment, Restitution, Conversion, Fraud, Misrepresentation, and Forgery.

---

[4] This standard of review enunciated in Conley v. Gibson, 355 U.S. 41, 45–46 (1957) is the standard similar to one applied in a motion for summary judgment, lending further credence to Plaintiff's contention that this pleading is a "dispositive motion."

[5] This pleading is, in effect, a "throwaway" motion, in which Defendant, in effect, concedes all of the allegations in Plaintiff's complaint, but assumes that his motion will win the day, and that the admissions will have no chance of coming back to haunt him.

6

With the court's indulgence, Plaintiff will furnish authorities for the common law and statutory bases for the causes of action on which she seeks recovery, in her Pretrial Statement.

Respectfully submitted,

_____
Chidinma M. Iwuji, Bar No. 478118
Attorney for Plaintiff
3994 Antwerp Court
Woodbridge, VA 22192
Tel: 571-276-2136

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition of Plaintiff to the Motion of Defendant to Dismiss for Failure To State A Cause of Action, herein Memorandum of Points and Authorities submitted in support thereof, and proposed Order, was served on counsel for Defendant, Charles Iweanoge, this 31st day of March, 2006, by and through the Court' Electronic Filing System (EFS).

_____
Chidinma M. Iwuji
Attorney for Plaintiff

```
                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF COLUMBIA


                                    )
BEATRICE NWOAHA                     )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )   Case No.: No. 04-CV-1799 (GK)
                                    )   Next Hearing: Pretril
LASERIAN ARIRELE ONYEOZIRI          )
                                    )
          Defendant                 )
```

**ORDER**

Upon consideration of the Opposition of the Plaintiff to the Defendant's Motion to Dismiss for Failure to State A Cause of Action in the above-styled action, as more fully set forth in Plaintiff's Memorandum of Points and Authorities in support of her opposition, for Good Cause Shown, it is this _____ day of _____, hereby:

ORDERED, ADJUDGED AND DECREED, that Defendant's motion be, and is hereby denied, and that attorney's fees and costs in the amount of _____ are hereby awarded in favor of Plaintiff, as sanctions against the Defendant for filing a frivolous pleading.

```
                         By the Court: _____
                                       Gladys Kessler, Judge
                                         United States District Court
```

Dated this 13th day of March, 2006