UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BEATRICE NWAOHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LASERIAN ARIRIELE ONYEOZIRI, | ) | Civil Action No. 04-1799 (GK) |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, Beatrice Nwaoha, a Maryland resident, brings this suit alleging unjust enrichment, restitution, conversion, fraud, misrepresentation, forgery, and false promises of marriage. Plaintiff seeks equitable and other monetary relief in the amount of $124,746.63. Defendant Laserian Aririele Onyeoziri is a District of Columbia resident.

This matter is now before the Court on Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted **[#26]**. Upon consideration of Defendant's Motion, Plaintiff's Opposition,[1] and the entire record herein, for the reasons stated below, Defendant's Motion is **granted in part and denied in part.**

---

[1] Defendant did not file any Reply to Plaintiff's Opposition.

**I.   BACKGROUND[2]**

Plaintiff and Defendant met in the United States sometime prior to 1999.  See Pl.'s First Am. Compl. ¶ 1.  Shortly thereafter, Defendant proposed marriage to Plaintiff.  Id.

At that time, Plaintiff was working overtime at two different jobs as a phlebotomist and saving money to enroll in nursing school.  Id.  Plaintiff and Defendant agreed that Plaintiff would fund Defendant's education, the two would marry, and, once married, Defendant would help to finance Plaintiff's nursing degree.  Id. ¶ 2.

Between 1999 and 2002, Plaintiff provided funds to Defendant for various purposes.[3]  See id. ¶¶ 3, 4, 10, 11, 12, 13.  More specifically, Plaintiff gave Defendant $45,991.00 to buy land and build a home, for both of them, in Nigeria.  Id. ¶ 3.  Using the money Plaintiff provided, Defendant purchased land and built a house in Nigeria, but registered the property solely in his name and failed to include Plaintiff's name on the title documents.  Id.

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations in the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Abigail Alliance v. Von Eschenbach, 445 F.3d 470, 475 (D.C. Cir. 2006). Therefore, the facts set forth herein are taken from Plaintiffs' Amended Complaint.

[3] Plaintiff did not include specific dates for many transactions mentioned in her First Amended Complaint.

Defendant did not contribute any money to the project.  Id.

Plaintiff also gave Defendant $10,000.00 to purchase a car for their joint use in Nigeria.  Id. ¶ 4.  Defendant purchased a car but, once again, failed to include Plaintiff's name on the title documents and registered the car solely in his name.  Id.

Between 1997 and 2002, Plaintiff gave Defendant $17,850.00 based on his representation that the money would be used to pay monthly rent due on his apartment.  Rent totaled $525.00 per month.  However, unbeknownst to Plaintiff, Defendant had obtained the apartment under Section 8 of the Housing Code of the District of Columbia and received a public subsidy covering the majority of his rent.  Id. ¶ 10.

In December of 2001, Plaintiff gave Defendant $8,000.00 to make arrangements for their marriage in Nigeria.  Id. ¶ 11.  Defendant, however, traveled to Nigeria and married a different woman.  Defendant also took $2500.00 worth of Plaintiff's clothing and jewelry, which he gave to his wife.  Id.

In April of 2002, before Plaintiff learned of Defendant's marriage, she gave him $6,000.00 so that he could travel to Germany and visit his brother who had been injured in a car accident.  Id. ¶ 12.  Plaintiff also gave Defendant $3,600.00 for miscellaneous education expenses ($600.00 for a graduation ring, $1,000.00 for a graduation party, and $2,000.00 for tuition) and $3,000.00 for his family in Nigeria.  Id. ¶ 13.

Defendant also obtained money by accessing Plaintiff's checking, savings, and credit accounts without her permission. See id. ¶¶ 8, 9, 14.  More specifically, without authority, Defendant used Plaintiff's ATM card to take $13,283.00 from her savings account, used her credit card to make $4,072.63 worth of purchases, and wrote himself $10,450.00 in checks drawn on her account. Id. ¶ 8, 9, 14.

Defendant brought the instant Motion to Dismiss on March 21, 2006 in which he argues that Plaintiff's Complaint does not set forth a viable cause of action.  See Def.'s Mot. Dismiss at 2. Defendant argues that Maryland law controls, and the case must be dismissed because "causes of action for breach of promise to marry" are no longer recognized in Maryland.  Id. at 5.  In the alternative, Defendant claims that Plaintiff has failed to allege the necessary facts to support her unjust enrichment, conversion, fraud, and misrepresentation claims.  Additionally, Defendant denies that restitution and forgery are viable causes of action in a civil suit.  Id. at 10, 13.  Finally, Defendant argues that the statute of limitations precludes Plaintiff from bringing conversion and unjust enrichment claims that accrued prior to October 19, 2001.

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). The factual allegations of the complaint must ordinarily be presumed true and liberally construed in favor of the plaintiff. Abigail Alliance v. Von Eschenbach, 445 F.3d 470, 475 (D.C. Cir. 2006).

**III. ANALYSIS**

    **A.  Choice of Law**

District of Columbia courts employ a modified governmental interest analysis under which they "evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review." Hercules & Co. v. Shama Rest. Corp., 566 A.2d 31, 41 (D.C. 1989).  A federal district court located in the District of Columbia should therefore apply another state's law when that state's interest in the litigation is substantial and "application of District law would frustrate a clearly articulated public policy of that state."  Kaiser-Georgetown Cmty. Health Plan, Inc. v. Stutsman, 491 A.2d 502, 509 (D.C. 1985).   In assessing jurisdictions' relative interests, courts consider several factors including (but not limited to)

where the injury occurred, where the conduct causing injury occurred, the parties' domiciles and residences, and where the parties' relationship is centered. See Hercules & Co., 566 A.2d at 40.

With respect to Plaintiff's "False Promises of Marriage" claim, Defendant argues that Maryland law should govern because Plaintiff is a citizen of Maryland and because the alleged promise to marry was made in Maryland. Def.'s Mot. to Dismiss at 5. However, no true conflict exists in this case because statutes prohibit claims for breach of promise to marry under both Maryland and District of Columbia law. D.C. Code § 16-923 (2006); M.D. Code Ann. § 3-102 (2006).

With respect to all of Plaintiff's remaining claims, Defendant assumes that Maryland law controls but he does not discuss why any of the above noted factors, except Plaintiff's residence, weigh against application of forum law. Plaintiff's residence, without more, does not warrant supplanting forum law in the instant case, when she chose to sue in this jurisdiction and presumably intended to have its law apply, and the Defendant is a resident of the District of Columbia. Facts developed during discovery or at trial may ultimately justify application of Maryland law with respect to some or all of Plaintiff's claims. However, for the purposes of ruling on the instant motion to dismiss, based upon the information contained in the parties' pleadings, the Court concludes that

District of Columbia law applies to all claims. See Washkoviak v. Sallie Mae, 900 A.2d 168, 182 (D.C. 2006) ("[W]hen both jurisdictions have an interest in applying their own laws to the facts of the case, the forum law will be applied unless the foreign jurisdiction has a greater interest in the controversy.") (internal punctuation and citations omitted).

**B.   False Promises of Marriage**

It is not entirely clear what causes of action Plaintiff intends to bring in her First Amended Complaint.[4] Nonetheless, to the extent that Plaintiff's First Amended Complaint can be construed as containing claims for breach of promise to marry, such claims are barred by statute.  D.C. Code § 16-923 (2006). Accordingly, Defendant's Motion to Dismiss is granted with respect to any such claim.

Defendant is, however, incorrect in his assertion that Plaintiff's sole cause of action is breach of promise to marry. The remainder of Plaintiff's claims will, therefore, be treated in turn below.

**C.   Plaintiff May Not Recover Gifts**

Plaintiff may not recover any valid inter vivos gifts she made to Defendant. See In re Estate of Walker, 890 A.2d 216, 225 (D.C.

---

[4] Plaintiff's First Amended Complaint is "for Money Had and Received."  Beneath this confusing title heading, Plaintiff parenthetically lists unjust enrichment, restitution, conversion, fraud, misrepresentation, forgery, and false promises of marriage.

2006). A valid inter vivos gift of personal property is complete when a donor absolutely disposes of property, by delivering it to another, with the intention to make a gift. Id. at 222.

Defendant argues that Plaintiff may not recover personal property that she voluntarily gave to him without any contemplation of return or repayment (i.e., gifts). See Def.'s Mot. to Dismiss at 10. Whether Plaintiff intended to make a gift is, however, a proper question for the jury. Accordingly, no claims will be dismissed at this stage of the proceedings on this basis.

**D.    Forgery and Restitution**

Forgery and restitution are not separate civil causes of action under District of Columbia law. Restitution is a form of compensation. Forgery is a criminal offense which may, in some instances, includes commission of other civil torts (e.g., conversion or fraud), but it is not in and of itself a civil cause of action. Accordingly, Plaintiff may not maintain civil claims for forgery or restitution.

**E.    Plaintiff's Remaining Claims**

It does not appear beyond doubt that Plaintiff can prove no set of facts which would entitle her to relief on her remaining claims. Conley, 355 U.S. at 45-46. Plaintiff's First Amended Complaint satisfies Rule 8 and Rule 9 of the Federal Rules of Civil Procedure, and states claims for unjust enrichment, conversion, misrepresentation, and fraud. See Kramer Assoc., Inc. v. IKAM.

Ltd., 888 A.2d 247, 254 (D.C. 2005) ("Unjust enrichment occurs when a person retains a benefit which, in justice and equity belongs to another."); Dennis v. Edwards, 831 A.2d 1006, 1013 (D.C. 2003) ("The tort of conversion involves an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property.")(citations and quotations omitted); Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992) (noting the elements of fraud and misrepresentation claims).  Plaintiff may not, however, bring claims for conversion or unjust enrichment that accrued before October 19, 2001.  D.C. Code § 12-301 (2006) (requiring all such claims to be brought within three years of accrual).

**IV. CONCLUSION**

For the reasons noted above, the Court grants Defendant's Motion to Dismiss Plaintiff's restitution, breach of promise to marry, and forgery claims.  Additionally, the Court also grants Defendant's Motion to Dismiss all unjust enrichment and conversion claims that accrued prior to October 19, 2001.  The Court denies Defendant's Motion to Dismiss with respect to all other claims.  An Order will issue with this Memorandum Opinion.


November 20, 2006
/s/
GLADYS KESSLER
United States District Judge

**Copies to: Attorneys of record via ECF and Magistrate Judge Kay**