**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
BEATRICE NWAOHA,                )
                                )
        Plaintiff,              )
                                )
   v.                           )
                                )
LASERIAN ARIRIELE ONYEOZIRI,    )   Civil Action No. 04-1799 (GK)
                                )
                                )
        Defendant.              )
_____)
```

## MEMORANDUM ORDER

Plaintiff Beatrice Nwaoha brings this suit against Defendant Laserian Aririele Onyeoziri alleging unjust enrichment, restitution, conversion, fraud, misrepresentation, forgery, false promises of marriage, and promissory estoppel. Plaintiff seeks equitable and other monetary relief in the amount of $124,746.63.

This matter is before the Court on five motions. Based on the motions, oppositions, replies, and the entire record herein, and for the reasons stated below, the Court rules as follows: 1) Defendant's Motion for Reconsideration of Order on Motion to Compel [#66] is **denied**; 2) Plaintiff's Motion for Sanctions [#71] is **granted in part**; 3) Defendant's Motion for a More Definite Statement [#86] is **granted**; 4) Defendant's Motion to Compel Statement of Claims in Separate Counts [#87] is **granted**; and 5) Defendant's Motion for Summary Judgment [#76] is **denied** as moot.

**I.   Defendant's Motion for Reconsideration of Order on Motion to Compel [#66]**

On November 9, 2006, the Court granted Plaintiff's Motion to Compel Defendant to Authorize Release of Tax Information [#53]. Plaintiff wanted Defendant to sign two separate Internal Revenue Service ("IRS") forms, and the Court granted the request. The first form, IRS Form 4506-T, is used to request copies of an individual's tax return. The second form, IRS Form 8821, authorizes the IRS to release confidential taxpayer information.

Defendant contends that he should not have to execute IRS Form 8821 because the form contains language stating it is not to be used by individuals to request their own tax returns. Plaintiff is not using IRS Form 8821 to request a copy of her own tax return; rather, she is using the form to request a copy of Defendant's return.

The Internal Revenue Code and applicable Treasury regulations preclude the IRS from releasing the information at issue to Plaintiff unless Defendant signs IRS Form 8821. See I.R.C. § 6103 (limiting disclosure of tax returns in non-tax civil cases); Treas. Reg. § 301.6103(c)-1 (requiring written authorization by a taxpayer to disclose returns to a third party in cases such as this). Accordingly, Defendant's Motion for Reconsideration of Order on Motion to Compel [#66] is **denied.**

**II.  Plaintiff's Motion for Sanctions [#71]**

Plaintiff included a Motion for Sanctions in her Opposition to Defendant's Motion for Reconsideration.  Plaintiff argues that Defendant should be subject to sanctions for failing to comply with the Court's November 8, 2006 Order.  See Fed. R. Civ. P. 37(b)(2) (authorizing sanctions for violations of discovery orders).  Plaintiff also argues that there was no basis for Defendant's motion which, she claims, was only filed to delay releasing the tax materials.  Plaintiff requests that the Court sanction Defendant by entering a default judgment against him.

The Court finds that Defendant failed to comply with its November 8, 2006 Order.  The Court ordered Defendant to execute IRS Form 4506-T and IRS Form 8821 and to provide the forms to Plaintiff.  Instead, Defendant concluded that IRS Form 8821 was unnecessary and decided to file IRS Form 4506-T himself.  Therefore, Plaintiff's Motion for Sanctions [#71] is **granted in part**.

Plaintiff has been severely prejudiced by Defendant's failure to comply; Defendant's violation has further delayed resolution of this case.  Entering a default judgment as a sanction would, however, be too draconian in this circumstance.  Instead, Defendant shall pay $500.00 to Plaintiff within 30 days as a sanction for failure to comply with this Court's November Order.  Fed. R. Civ. P. 37(b)(2).

**III. Defendant's Motion for a More Definite Statement [#86] and Defendant's Motion to Compel Statement of Claims in Separate Counts [#87]**

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant argues that Plaintiff's Second Amended Complaint does not comply with Fed. R. Civ. P. 10(b) which, in relevant part, states "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."  The Court agrees and **grants** Defendant's Motion for a More Definite Statement [#86] and **grants** Defendant's Motion to Compel Statement of Claims in Separate Counts [#87] as follows:[1]

Plaintiff shall file a Third Amended Complaint no more than ten days after the Court issues this Order.  Fed. R. Civ. P. 12(e) ("If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading . . . or make such order as it deems just.").  Plaintiff's Third Amended Complaint shall list each claim as a separate count.  Plaintiff shall not request relief for any matter disposed of by the Court's

---

[1] Plaintiff claims that Defendant's Rule 12(e) motion seeking clarification of the Second Amended Complaint is untimely and should be dismissed because Defendant has filed a responsive pleading to an earlier complaint.  Plaintiff's position is unavailing because Defendant has not filed a responsive pleading to the Second Amended Complaint.  Therefore, his Rule 12(e) motion is timely.

November 20, 2006 Memorandum Opinion and Order.  If Plaintiff's Third Amended Complaint includes counts alleging fraud, those counts shall be plead with the degree of specificity required under Fed. R. Civ. P. 9.  All other counts shall be supported by factual averments that give Defendant sufficient notice of Plaintiff's grounds for seeking relief.  See Fed. R. Civ. P. 8.

The Court strongly encourages Plaintiff's counsel to consult this Court's Local Rules and the Federal Rules of Civil Procedure before filing the Third Amended Complaint.  If the Third Amended Complaint does not comport with all applicable rules, includes claims for any matters disposed of by the Court's November 20, 2006 Memorandum Opinion and Order, or does not provide the Defendant (and the Court) with adequate notice of the basis for asserted claims, the pleading will be stricken.

**IV.  Defendant's Motion for Summary Judgment [#76]**

In light of the fact that Plaintiff shall file an amended complaint, the Court **denies** Defendant's Motion for Summary Judgment [#76] as moot.

**CONCLUSION**

For the reasons noted above, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration of Order on Motion to Compel [#66] is **denied**; and it is further

**ORDERED** that Plaintiff's Motion for Sanctions [#71] is **granted in part**; and it is further

**ORDERED** that Defendant shall, within 30 days, pay Plaintiff $500.00; and it is further

**ORDERED** that Defendant's Motion for a More Definite Statement [#86] is **granted**; and it is further

**ORDERED** that Defendant's Motion to Compel Statement of Claims in Separate Counts [#87] is **granted**; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment [#76] is **denied** as moot; and it is further

**ORDERED** that the parties shall file a Joint Status Report by May 15, 2007 indicating whether Plaintiff has received the requested copies of Defendant's tax returns, and indicating whether the parties will be able to proceed with trial on May 30, 2007 as scheduled.

May 7, 2007
/S/
GLADYS KESSLER
United States District Judge

**Copies to:** **Attorneys of record via ECF**